522 P.2d 130 (1974)
Theodore TANNER et al., Plaintiffs-Appellants,
v.
LAMBERT AUTO ELECTRIC COMPANY, a Colorado corporation, Defendant-Appellee.
No. 73-252.
Colorado Court of Appeals, Div. I.
May 7, 1974.
Henry V. Ellwood, Lewis, Jones & Ellwood, Denver, for plaintiffs-appellants.
Eugene O. Daniels, Yegge, Hall & Evans, Denver, for defendant-appellee.
Not Selected for Official Publication.
SMITH, Judge.
Plaintiffs-appellants commenced this personal injury action against defendant corporation for recovery of damages for injuries incurred in an automobile accident between plaintiff Theodore Tanner and defendant's employee. Trial was to a jury. Before the close of plaintiffs' case, defendant's motion for directed verdict dismissing the action was granted. The sole issue on appeal is whether, as a matter of law, defendant's employee was acting in the course and scope of his employment at the time of the accident, thus rendering defendant employer liable under the doctrine of respondeat superior.
The facts require only brief recitation. The employee worked as a stockboy at defendant's place of business. His duties included stocking the shelves and making occasional deliveries. On the day of the accident, the employee was asked to deliver merchandise to a customer's place of business on Glencoe Street in Denver, north of interstate 70. The most direct route for the employee to take from defendant's place of business was to travel I-70 east to the Dahlia Street exit, then north on Dahlia and east to Glencoe. The employee proceeded east on I-70, but turned south onto Dahlia to purchase cigars at a restaurant located five or six blocks south of I-70. The accident occurred while the employee was traveling towards the restaurant. The trial court ruled, as a matter of law, that employee was outside the scope of his employment and took the cause from the jury. We reverse.
Our decision in this case is controlled by Gibson v. Dupree, 26 Colo.App. 324, 144 P. 1133. In that case, the employee, while returning from an errand on his employer's behalf, deviated from the most direct route to his employer's place of business for the purpose of purchasing pliers for his own *131 use. The accident occurred after the purchase and as he was returning to the employer's place of business. The court held that the issue of whether the employee was in the scope of his employment was properly given to the jury. The court stated, in part, that:
"[I]f the servant, while about his master's business, makes a slight deviation for ends of his own, the master remains liable, as, where the servant drives out of the most direct route for personal ends, or where a pilot diverges from a direct course for ends not connected with the master's business."
Defendant urges that the present case is distinguishable. First, the employee here was traveling in the opposite direction from the place of business of his employer's customer. Secondly, in Gibson, the employee had completed his personal errand and was on his way back to his employer's place of business.
Neither distinction is persuasive. The employee's direction of travel, of itself, is not controlling. Whether the deviation is sufficient to take the employee outside the scope of his employment depends, in addition, upon its extent and nature relative to time, place, and circumstances. See Ward v. Teller Reservoir & Irrigation Co., 60 Colo. 47, 153 P. 219. Nor should the issue depend upon the fortuitous circumstance of whether the accident occurred upon departure from or return towards the most direct route.
In the present case, the employee deviated five or six blocks from the most direct route in order to buy cigars. Under such circumstances fair minded men might reasonably differ as to whether or not the employee was in the scope of his employment at the time of the accident, and the issue should have gone to the jury. Ward v. Teller Reservoir & Irrigation Co., supra. The judgment is therefore reversed and the cause remanded for new trial.
SILVERSTEIN, C. J. and COYTE, J., concur.